ELIAS NADLER and IRVING NADLER, Copartners, Trading under the Firm Name and Style of M. NADLER & SONS, Plaintiffs, v. MEI LOONG CORP. OF CHINA, LTD., MILTON G. SALTZER, E. S. ULLMANN ALLIED CO., INC., and MANUFACTURERS TRUST COMPANY, Defendants.*

Supreme Court, Special Term, New York County, September 26, 1941.

* See *Grob* v. *Manufacturers Trust Co.* (177 Misc. 45).

*Leo Wechsler* and *George L. Beldock,* for the plaintiffs.

*White & Case,* for the defendant Manufacturers Trust Company.

COHALAN, J. The plaintiffs are fur importers doing business in this city. The defendant " Mei Loong Corp." is a Chinese fur exporter having as New York agents the defendants Saltzer and Ullmann Allied Co., Inc. The defendant trust company is the bank from which the plaintiffs procured " irrevocable bankers' letters of credit." These letters were issued in favor of defendant Saltzer. They were needed to finance the purchase of furs by plaintiffs from the Mei Loong Corp. through its agent Ullmann Allied Co., Inc. The sale took place in this city. The furs were to be shipped from China to our west coast; then forwarded here. The furs have not arrived. Bills of lading, drafts on the trust company and other documents have been presented to it. These are on their face proper in form and substance. The trust company wishes to honor them; to make payments, and to be discharged of its duties in the premises.

Plaintiffs, not having received the furs, claim that they were not shipped and that the bills of lading presented to the trust company are fraudulent. Attention of the court is called (1) to the disruption of Chinese shipping; (2) to the American and Japanese embargoes; and the argument is made that either the bills of lading were fraudulent in their inception or that the furs were later removed from the ships.

Mei Loong Corp. has not appeared in the action nor on this motion.

Plaintiffs seek a temporary injunction restraining the trust company from accepting or honoring the drafts. The trust company opposes.

In normal times bills of lading and drafts of the kind in suit cannot be questioned and must be honored; but these are extraordinary times in which ordinary business standards and strict legal rules must be specially examined and perhaps disregarded in the interest of justice and equity. A trial court is the proper

forum to determine the issue. Consider the effect of denying plaintiffs' motion. The trust company could then honor the drafts; the moneys would leave this jurisdiction and the plaintiffs would have neither furs nor money. In any subsequent litigation plaintiffs might bring against the trust company, the latter might well argue that its conduct in paying was approved by the court's denial of this motion. On the other hand, the money is *here;* the contracts were all made *here;* the respective rights of all the parties should be determined *here,* and the plaintiffs should not have to go to China for their furs or their moneys.

When all the parties who have claims on these moneys appear in this action I have no doubt that a preference will be granted and a speedy trial can be had. Motion for injunctive relief granted. Settle order.